Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York ▼

__Civil__ Division

| | |
|---|---|
| Aria C. Miller | Case No. 24-CV-6217 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ✔ Yes ☐ No |
| -v- | |
| Chick-Fil-A, INC. a Foreign Profit Corportation, et Franchise Operator of Chick-fil-A franchise located 144 Fulton St, New York, NY 10038 | MORRISON, J, MARUTOLLO, M.J. |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Aria C. Miller |
| Street Address | 168 Norwood Avenue |
| City and County | New York City, Kings County |
| State and Zip Code | New York, 11208 |
| Telephone Number | 7189457226 |
| E-mail Address | Aria2Miller@icloud.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Chick-Fil-A Inc. |
| Job or Title *(if known)* | Foreign Profit Corportation |
| Street Address | 5200 Buffington road |
| City and County | Altanta, Fulton County |
| State and Zip Code | Georgia 30349 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Chick-Fil-A Franchise Operator |
| Job or Title *(if known)* | Franchise Operator |
| Street Address | 144 Fulton St |
| City and County | New York City, New York County |
| State and Zip Code | New York 10038 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question     [✔] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
The cause of action is a violation of Title 8 § 43 (15 U.S.C. § 1125) of the U.S. Trademark Law, and the New York State General Business Law (NYCBGL) §349 et seq.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* Aria C. Miller, is a citizen of the State of *(name)* New York State.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b.      If the defendant is a corporation

The defendant, *(name)* Chick-Fil-A & Chick-Fil-A Franchise , is incorporated under the laws of the State of *(name)* Georgia & New York , and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.      The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
Due to loss wages as a result of the health impact of use of their product. See Attched for additions specifics.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Violation of Title 8 § 43 (15 U.S.C. § 1125) of the U.S. Trademark Law, and the New York State General Business Law (NYCBGL) §349 et seq. due to use of food allergen.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Compensation due to loss wages and sever health impact.
$425,000
Punitive Damages for sale of hazardus food resulting in potentially deathly health impact
$79 million

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ~~04/15/2024~~ 9/3/2024

Signature of Plaintiff: *Aria C. Miller*
Printed Name of Plaintiff: Aria C. Miller

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____

## Complaint

Plaintiff, Aria C. Miller, brings this complaint against the Defendant Chick Fil A, and in doing so states as follows:

## Parties

Plaintiff, Aria C. Miller, hereinafter referred to as "Plaintiff" is a resident of New York City. The plaintiff purchased sandwiches from Chick Fil A, hereinafter referred to as "Defendant" located in New York City. Chick Fil A, is a foreign fast food corporation that operates in New York City.

## Preliminary Statement

This is an action relating to a violation of Title 8 § 43 (15 U.S.C. § 1125) of the U.S. Trademark Law, and the New York State General Business Law ("NYCGBL"), § 349 et seq.

## Jurisdiction, Venue and Procedural Requirement

1. The court has subject matter jurisdiction over this federal claim pursuant to 28 U.S.C. §1331, §1332 and §1367.
    A. This Court has jurisdiction over the present case pursuant to **28 U.S.C. § 1331**, which grants federal courts jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. The Plaintiff's complaint asserts claims arising under federal law, specifically [mention the federal statute or constitutional provision at issue, e.g., Title 8 § 43 (15 U.S.C. § 1125) of the U.S. Trademark Law et seq.]. This statute provides a cause of action for claims of discrimination based on disability, which constitutes a federal question under **28 U.S.C. § 1331**.
        i. The claims presented involve significant questions of federal law that are central to the dispute. As established in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005), federal jurisdiction is appropriate when a case involves a substantial federal issue embedded in the state law claims. In this case, the federal law claims are directly tied to the federal statutory provisions governing the Plaintiff's rights.
    B. In addition to federal question jurisdiction, this Court also has jurisdiction pursuant to **28 U.S.C. § 1332**, which provides for diversity jurisdiction in civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.
        i. **Amount in Controversy**: The amount in controversy exceeds $75,000. The Plaintiff's complaint seeks damages for [describe the nature of the damages, e.g., lost wages, emotional distress, and punitive damages], which, when aggregated, exceeds the jurisdictional threshold established by **28 U.S.C. § 1332**.

    C. In addition to the primary jurisdictional bases of federal question jurisdiction under **28 U.S.C. § 1331** and diversity jurisdiction under **28 U.S.C. § 1332**, this Court has supplemental jurisdiction over the state law claims pursuant to **28 U.S.C. § 1367**.

        i. **Same Case or Controversy**: The state law claims presented in the Plaintiff's complaint arise from the same case or controversy as the federal claims. The state law claims are closely related to the federal claims in that they arise from the same set of facts and involve overlapping issues of law and fact. This satisfies the requirement of **28 U.S.C. § 1367(a)**, which provides that federal courts have supplemental jurisdiction over claims that are so related to the claims within the original jurisdiction that they form part of the same case or controversy.

        ii. **Efficient Judicial Administration**: Allowing the Court to hear both the federal and state law claims in a single proceeding promotes judicial efficiency and avoids duplicative litigation.

2. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

### Factual Background

3. Plaintiff purchased food from Chick Fil A located at 144 Fulton St, New York, NY 10038.
4. After the Plaintiff consumed the Chick Fil A sandwich and fries, the Plaintiff had an allergic reaction.
5. The Plaintiff did not initially attribute the health concern to be a result of eating the Chick Fil A sandwich because the Plaintiff was not aware that the sandwich contained a food allergen, peanuts.
6. The Plaintiff continued eating at the restaurant and health concerns continued to worsen with the plaintiff not aware as to why.
7. The Plaintiff had inflammation and rashes around her arm and neck, and infrequent heart rhymes that caused numerous hospital visits and impacted the plaintiffs work.
8. The Plaintiff is allergic to peanuts and has had allergic reactions resulting in inflammation of the throat, constricted chest, and rashes around arms and neck as a result of consumption of products that contain peanuts.
9. The Defendant had limited to no visible signage stating that their products contained peanuts and the Chick Fil A website also says that the products used to make the sandwich, peanut oil, could not cause an allergic reaction because of its processing.

### Cause of Action

1. The aforementioned events have demonstrated that the defendants violated the Title 8 § 43 (15 U.S.C. § 1125) of the U.S. Trademark Law et seq., and the New York State General Business Law ("NYCGBL"), § 349 et seq., by not doing their due diligence to investigate their claims before making false and misleading marketing statements in connection with the advertising of their goods based on the expected standards of the industry.

## Count I
### (Strict Liability in Tort)

10. The plaintiff reasserts the true events listed in paragraphs 3 through 8.
11. Plaintiff consumed food from Chick Fil A containing peanuts, which was intended to be consumed by humans, and Defendant knew that the food could be consumed by customers with food allergy and should be to a standard that is consumable to their customers.
12. The food consumed by the Plaintiff, on numerous occasions, was not fit for consumption, defective and unreasonably dangerous, because it was contaminated with ingredients that caused the Plaintiff to have a serious allergic reaction which is contrary to the standards stated on the Chick A fil website.
13. As a direct and proximate result of consuming the defective and unreasonably dangerous food, Plaintiff, a single woman living in NYC, suffered severe personal injury, economic injury, psychological and emotional injuries, including but not limited to:
    a. Expense for medical care treatment and service;
    b. Unreasonable issues when eating food;
    c. Loss of enjoyment of life;
    d. Emotional and psychological distress;
    e. Pain and suffering;
    f. Lost wages;

## Count II
### (Negligence)

14. Plaintiff reasserts the true events listed in Paragraphs 3 through 8.
15. Defendant had and has a duty to exercise reasonable care in handling and in preparation of its food intended for consumer consumption particularly when using product that could result in severe allergic reactions.
16. Defendant had and has a duty to use reasonable care to inform it's consumers of expected health effects related to consumption of it's food.
17. Defendant had and has a duty to use reasonable care to investigate its claim about its food intended for human consumption to a degree acceptable of the industry standards.
18. Defendant had and has a duty to take reasonable precaution to prevent the contamination of food by unexpected objects and ultimately prevent serving food that is not to industry standards.

19. Defendant had and has a duty to follow the standards of care in the regulations which govern food service establishments in the State of New York.
20. The acts of negligence of Defendants include, but are not necessarily limited to:
    a. Poor and inadequate food handling in the kitchen
    b. Poor and inadequate customer service
    c. Lacking in customer care
    d. Poor and improper equipment inspection and maintenance of foods and food preparation essentials
    e. Failure to follow the mandate of the regulations governing the food service industry to prevent the distribution of contaminated food or food products to be consumed by the public.
21. As a direct and proximate result of Defendant's breach of its duties owed to Plaintiff, Plaintiff suffered damages.

## Punitive Damages

22. Plaintiff reasserts the true events listed in Paragraphs 3 through 8.
23. Defendant's, Chick Fil A, acts and/or omissions described herein were willful, reckless, negligent as those terms are defined justifying an award of punitive damages for Plaintiff.
24. The actions by the Defendant individually and/ or jointly, were motivated by profit over safety and as such the defendant showed a reckless or conscious disregard for safety warranting the imposition of punitive and exemplary damages.
25. The acts and omissions of Defendant were willful wanton and show complete and reckless disregard for the safety of Plaintiff and other customers.
26. The imposition of punitive damages is appropriate under the circumstances surrounding the incidents, which serve as the basis of this Complaint, and will serve to punish and deter future conduct such as this which could lead to further incident.

## Relief dollar amount

Compensatory Damages
    Lost Wages:
- $425,000
- Loss of employment
- Medical expense and treatment

Punitive Damages
- Emotional damage
- Potential loss of life and lasting health concerns
  = $79 million

Date: 9/3/2024

Signature: [signed]