UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARIA C. MILLER,

                        Plaintiff,                    **ORDER**

      v.                                                    24-CV-6217 (NRM)(JAM)

CHICK-FIL-A, INC and CHICK-FIL-A
FRANCHISE OPERATOR,

                        Defendants.
------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

      Plaintiff Aria C. Miller filed this *pro se* Complaint ("Complaint") on September 3, 2024. Compl., ECF No. 1. Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is hereby granted. ECF No. 2. However, for the reasons set forth below, the Complaint is dismissed for lack of subject matter jurisdiction and for failure to state a claim.

## BACKGROUND

      The Complaint is filed on a "Complaint for a Civil Case" form provided by the U.S. District Court for the Eastern District of New York. *See generally* Compl. In the space to provide a basis for the federal courts' jurisdiction, Plaintiff checks the boxes for federal question and Diversity of citizenship. *Id*. at 3.[1] She references both 15 U.S.C. § 1125, which she identifies as "U.S. Trademark Law," and New York State General Business Law § 349. *Id*. at 3–4. She alleges that Defendants Chick-Fil-A and Chick-Fil-A Franchise are incorporated under the laws of the state of Georgia

---

[1] All page references use ECF pagination except where noted.

and New York, but she does not indicate which defendant is incorporated in which jurisdiction. *Id*. at 4.

The following factual allegations are taken from an addendum to the Complaint and are assumed to be true for purposes of this Order. Plaintiff is allergic to peanuts, which causes rashes, inflammation, and constriction of her throat and chest. *Id*. at 7. On undisclosed dates, Plaintiff purchased food from the Chick-Fil-A location at 144 Fulton Street in Manhattan. *Id*. After consuming the food, she had an allergic reaction. *Id*. She claims that she did not attribute the reaction to the food because she did not know it contained peanuts. *Id*. As a result, "Plaintiff continued eating at the restaurant and health concerns continued to worsen with the plaintiff not aware as to why." *Id*. Plaintiff experienced "inflammation and rashes around her arm and neck and infrequent heart rhymes [sic] that caused numerous hospital visits and impacted [her] work." *Id*. She states: "Defendants had limited to no visible signage stating that their products contained peanuts and the Chick-Fil-A website also says that the products used to make the sandwich, peanut oil, could not cause an allergic reaction because of its processing." *Id*.

Plaintiff asserts that Defendants violated U.S. Trademark law and New York State General Business Law "by not doing their due diligence to investigate their claims before making false and misleading marketing statements in connection with the advertising of their goods based on the expected standards of the industry." *Id*. at 8. She also brings claims sounding in tort and negligence. *Id*. She requests compensatory and punitive damages totaling $79,425,000. *Id*. at 4, 9.

On April 15, 2024, Plaintiff filed a nearly identical complaint which was dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Miller v. Chick-Fil-A Inc., et al.*, No. 24-CV-2539-NRM-JAM (E.D.N.Y. June 14, 2024 and August 22, 2024), ECF Nos. 4, 5. The decision and Clerk's Judgment was mailed to Plaintiff at the address she provided at 168 Norwood Avenue in Manhattan, but the mail was returned as undeliverable. ECF No. 6. Plaintiff consented to electronic notification in this action, ECF No. 4, and on November 22, 2024, submitted a notice of change of address. ECF No. 5.

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A district court shall dismiss a case filed *in forma pauperis* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Moreover, the plaintiff must demonstrate that the court has subject matter jurisdiction, which means that the court has the power to hear the type of claim the plaintiff brought. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3).

There are two types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. To arise under federal question jurisdiction, the complaint must have a claim based on a violation of federal law. *See* 28 U.S.C. § 1331. For a claim based on diversity jurisdiction, the plaintiff must show that plaintiff and defendants have complete diversity of citizenship, which means that all the defendants must live in a different state from the plaintiff. The plaintiff must also show that the claim for money damages, which is called the amount in controversy, exceeds $75,000. *See* 28 U.S.C. § 1332.

## **DISCUSSION**

In this case, as in her prior similar action, Plaintiff's Complaint does not assert a valid basis for this Court's jurisdiction over her claims, as she has neither presented a federal question nor asserted diversity jurisdiction.

4

As for diversity jurisdiction, Plaintiff alleges that both she and at least one of the Defendants are citizens of New York State. Thus, Plaintiff may not rely on diversity of citizenship to establish subject matter jurisdiction over any potential state law claims.

Nor has Plaintiff show that any of her claims involve potential violations of federal law. Plaintiff's allegations of negligence, product liability, and deceptive acts and practices are the kinds of claims typically brought under state law. But they do not implicate federal law, and do not give this Court federal question jurisdiction over these claims. Federal courts may not decide issues of state law unless the federal court has diversity jurisdiction over the claim.

Plaintiff's claim for false advertising under the Lanham Act (15 U.S.C. § 1125) does implicate federal law. However, the Lanham Act does not apply to individual consumers. Section 43(a) of the Lanham Act prohibits the

> use[ ] in commerce [of] any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]

15 U.S.C. § 1125(a)(1)(B). However, the Lanham Act is not a consumer protection or product liability statute. Its "zone of interests" is limited to "commercial interest in reputation or sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014). "[A] typical false-advertising case will implicate only the Act's goal of protecting persons engaged in commerce . . . against unfair competition. . . . A

5

consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact . . . , but he cannot invoke the protection of the Lanham Act." *Id.* at 131–32 (internal alterations and quotation marks omitted).

In this case, Plaintiff has not alleged that she has a commercial interest in reputation or sales and needs protection against unfair competition. Accordingly, her Lanham Act claim is dismissed. *See Clark v. Santander Bank N.A.*, No. 3:22-CV-0039 (SVN), 2023 WL 7110558, at *9 (D. Conn. Oct. 27, 2023) (dismissing claims by bank's customers seeking to recover under the Lanham Act for allegedly false advertising by the bank because the Act does not protect consumers). Instead, all of Plaintiff's claims appear to turn on her allegation that, as a person with a peanut allergy, she was injured when she purchased and consumed products made by Defendants that may have contained peanut oil.

Generally, a court should grant leave to amend at least once. *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). However, "leave to amend need not be granted when amendment would be futile." *Id*. In this case, Plaintiff has not suggested any factual allegations or legal arguments that would establish federal jurisdiction over her claims about possible allergens in Defendants' food and their failure to properly warn consumers about those allergens; thus, amendment would be futile. However, Plaintiff is reminded that state courts are courts of general jurisdiction and that she may pursue her claims in a court that has proper jurisdiction over her claims.

6

## **CONCLUSION**

For the reasons set forth above, the action is dismissed, without prejudice, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any potential state law claims are dismissed without prejudice to filing in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall close this case and enter judgment and mail a copy of this Order to Plaintiff at the address provided and note the mailing on the docket.

SO ORDERED.

/s/ NRM
NINA R. MORRISON
United States District Judge

Dated: April 16, 2025
    Brooklyn, New York